THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY LEE HOLLOWAY, Defendant-Appellant.

(No. 73-214;

Fifth District—April 9, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael J. Rosborough, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Phillip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant was indicted for the offense of burglary and, pursuant to a plea agreement, pleaded guilty to that offense. The agreement provided that the defendant would apply for probation and that the State would make no sentencing recommendation. A sentencing hearing was held on February 26, 1973, at which time the defendant was sentenced to serve a minimum of 3 and a maximum of 7 years in the penitentiary.

■■ The only issue raised is whether the sentence imposed is consistent with the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, sec. 1001 et seq.). Burglary is a Class 2 felony (Ill. Rev. Stat., ch. 38, sec. 19—1 (b)). The Code provides:

> "[F]or a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court; * * *." (Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(3).)

It is conspicuous that the court erred when it imposed a minimum sentence which exceeded one-third of the maximum.

The defendant maintains that the court also erred in imposing a minimum sentence in excess of 1 year. A presentence report was prepared, and a sentencing hearing was held. It was revealed to the judge that the defendant had a prior felony conviction record. Facts asserted in the defendant's favor were that he has a wife and a young child to support, he appears to be capable of earning a good living, and the crime alleged did not involve violence.

Because of the defendant's past criminal record, we do not hold that the trial court abused its discretion in imposing a minimum sentence which exceeds 1 year. The fact that the minimum sentence imposed exceeded one-third of the maximum sentence, however, suggests that the court may have failed to consider section 5—8—1(c)(3) when it sentenced the defendant. That fact, coupled with the evidence in the presentence report and the sentence hearing favorable to the defendant, creates some doubt that a minimum sentence in excess of 1 year was justified.

■■ For the foregoing reasons, the cause is remanded to the Circuit Court of St. Clair County with directions that the defendant be resentenced in compliance with the Unified Code of Corrections.

Affirmed in part, reversed in part and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.